**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MATTHEW AMOAKO AFFUM,**<br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL.**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 26CV3307** |

**MEMORANDUM OPINION**

The United States Citizenship and Immigration Services ("USCIS") processes a substantial volume of immigration applications each year, some of which remain pending for years. Plaintiff Matthew Amoako Affum is a noncitizen with two such applications filed pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537—a Form I-360 Violence Against Women Act ("VAWA") Self-Petition (hereinafter "Form I-360" or "VAWA self-petition") and a Form I-485 Application to Adjust Status (hereinafter "Form I-485" or "adjustment-of-status application"). At the time Affum filed this action, the I-485 had been pending for approximately five years and the later-filed I-360 had been pending for approximately 37 months. Affum has sought relief under Section 706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Mandamus Act, 28 U.S.C. § 1361. Defendant USCIS has filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. For the reasons that follow, Affum's Complaint shall be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

---

[1] Because the Complaint shall be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure

## I. FACTUAL BACKGROUND[2]

The parties agree on the underlying facts of this case: In May 2021, Affum filed a Form I-485 Application to Adjust Status and Form I-130 Petition for Alien Relative based on his marriage to a U.S. citizen. *See* 8 U.S.C. § 1255. By the time he interviewed with the USCIS in connection with his Form I-485 in March 2023, the marriage had dissolved. At the conclusion of the interview, the officer issued a written notice that Affum's Form I-485 remained pending. A few days after the interview, Affum filed a Form I-360 VAWA self-petition which alleged emotional mistreatment and paternity fraud as the new basis for his Form I-485. USCIS placed the I-485 in abeyance pending adjudication of the I-360. Although it requested the receipt number for the I-360, issued several notices of prima facie eligibility, and denied his requests to expedite adjudication, it has not yet issued a final decision.

## II. LEGAL STANDARDS

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993) (citations omitted). Once a defendant raises lack of subject-matter jurisdiction in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). "District courts have jurisdiction to review agency action under 28 U.S.C. § 1331, 'subject only to preclusion-of-review statutes created or retained by Congress.'" *Bakran v.*

---

12(b)(1), Defendant's alternative grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) need not be addressed.

[2] These facts are taken from the Complaint on a Motion to Dismiss. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

*Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 562 (3d Cir. 2018) (citations omitted). While there is a presumption in favor of judicial review of agency action, that presumption only applies "when a statute is silent"; otherwise, if the statute is clear through its specific language or from the scheme as a whole, there is "no reason to resort to the presumption of reviewability." *Geda v. Dir. U.S. Citizenship & Imm. Servs.*, 126 F.4th 835, 846 (3d Cir. 2025) (quoting *Patel v. Garland*, 596 U.S. 328, (2022)).

## III. DISCUSSION

The question presented is whether this Court has jurisdiction to order USCIS to decide Affum's Form I-360 VAWA self-petition and his related Form I-485 application.

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency action" is defined to include "failure to act." 5 U.S.C. § 551(13). And, where agency action is "unreasonably delayed," the court "shall compel agency action." 5 U.S.C. § 706(1). It also directs agencies to finish matters "within a reasonable time." 5 U.S.C. § 555(b). But the APA itself does not confer subject-matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 105-07 (1977). Indeed, where a statute "precludes judicial review" or "agency action is committed to agency discretion by law," the APA does not apply. 5 U.S.C. § 701(a). Thus, Sections 701(a) and 555(b) cannot independently serve as a basis for jurisdiction if a provision of the INA contains specific language that judicial review is precluded or agency action is committed to the agency's discretion.

Section 1252(a)(2)(B)(ii) of the INA provides in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have

> jurisdiction to review . . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is *specified under this subchapter to be in the discretion* of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). The phrase "under this subchapter" refers to Subchapter II in Chapter 12 of Title 8 of the United States Code, which includes 8 U.S.C. § 1154, governing VAWA self-petitions, and 8 U.S.C. § 1255(a), governing adjustment-of-status applications.

USCIS argues that the bar applies to Section 1154. It points to Section 1154(a)(1)(J), which gives the agency "sole discretion" to decide whether evidence supporting a VAWA self-petition is credible and how much weight that evidence should receive. Affum responds that Section 1154(b) uses the word "shall," which imposes a mandatory duty on the Attorney General to "approve the petition" "if he determines that the facts stated in the petition are true and . . . is eligible for preference under subsection (a)." Both arguments are considered in turn.

The government first argues that the APA does not apply because USCIS's decision-making regarding the timing of its adjudication of I-485 and I-360 applications are unreviewable "decision[s] or action[s]" which fall within the agency's discretion pursuant to the language of Section 1252(a)(2)(B)(ii). In support, the government relies principally on *Geda v. Director, U.S. Citizenship & Immigration Services*, 126 F.4th 835 (3d Cir. 2025). In *Geda*, a married couple from India had waited nearly eight years for their priority date to become current before filing employment-based Form I-485 applications to adjust their status to lawful permanent residents. *See id.* at 840-41. While the applications were pending, the availability of immigrant visas changed. *See id.* at 841. USCIS ultimately placed the applications on hold under its Adjudication Hold Policy because the required visas were no longer immediately available. *See*

*id.* The applicants sued USCIS under the APA, alleging that the agency had unlawfully withheld and unreasonably delayed adjudication. *See id.* They sought an order declaring the hold policy unlawful, barring USCIS from applying it to their applications, and compelling USCIS to adjudicate the applications. *See id.* The district court dismissed the claims for lack of subject-matter jurisdiction, and the Third Circuit affirmed. *See id.*

In so reasoning, the Third Circuit began with Section 1255(a), which provides that the Secretary may adjust a noncitizen's status "in his discretion and under such regulations as he may prescribe." *See id.* at 843 (quoting 8 U.S.C. § 1255(a)) (emphasis removed). The court concluded that this language grants the Secretary discretion not only over the ultimate decision whether to adjust an applicant's status, but also over "the entire process for reaching that decision." *See id.* That process includes the order and manner in which USCIS adjudicates applications, as well as the agency's decision to hold an application when an immigrant visa is unavailable. *See id.* at 843-44. Because the pace of adjudication was part of that discretionary process, the court held that Section 1252(a)(2)(B)(ii) barred judicial review of the applicants' APA claims. *See id.* at 844-47. *Geda* therefore established that when the INA expressly commits an adjudicatory process to agency discretion, the jurisdictional bar may extend beyond the agency's final decision to the steps and timing by which it reaches that decision. The government argues that the same reasoning applies here, to the investigation and adjudication of his Form I-360 self-petition.

But, as Affum aptly points out, *Geda* is distinguishable. It applies to Section 1255(a) governing Form I-485 applications, whereas this matter concerns Section 1154 governing Form I-360 self-petitions. In contrast to Section 1255(a), Affum argues Section 1154 does not contain the same explicit language that "vests the . . . USCIS 'with considerable leeway in establishing

the process' by which an adjustment of status is adjudicated." *Geda*, 16 F.4th at 843 (quoting *Babaria v. Blinken*, 87 F.4th 963, 977 (9th Cir. 2023), *cert. denied sub nom. Babaria v. Jaddou*, 146 S. Ct. 160 (Oct. 7, 2024)); *see also Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024) ("Section 1255(a)'s text establishes the [Secretary's] 'discretion' both to adjust applicants' statuses, even after the applicants meet the statutory requirements, and to enact 'such regulations as he may prescribe' to administer this process."). Instead, Section 1154 provides that, after investigating the facts, the agency "shall" approve a petition if it finds that the stated facts are true and the person is statutorily eligible. 8 U.S.C. § 1154(b). Such mandatory language is absent from Section 1255(a). Affum argues that Section 1252(a)(2)(B)(ii) therefore does not apply, as its mandatory language compelling the USCIS to approve eligible petitions does not confer discretionary authority. *See Kucana v. Holder*, 558 U.S. 233, 237, 246-49 (2010).[3]

But the word "shall" cannot be viewed in isolation. The text and context of Section 1154 must be considered holistically, rather than through the narrow aperture of a particular term. *See Patel v. Garland*, 596 U.S. 328, 347 (2022) (assessing the "text and context" to determine that a jurisdiction-stripping statute, in its "plain meaning," precludes judicial review of discretionary relief).[4] Section 1154 conditions approval of a petition on an "investigation of the facts" and the applicant's satisfaction of specified eligibility requirements. 8 U.S.C. § 1154(b). Only "[a]fter an investigation of the facts in each case, and after consultation with the Secretary of Labor," the Attorney General "shall, *if* he determines that the facts stated in the petition are true . . . approve

---

[3] Affum relies on *Kucana* and the presumption favoring judicial review of administrative action. But *Kucana* construed Section 1252(a)(2)(B)(ii) to apply when the INA itself confers discretionary authority, not when discretion arises solely from agency regulation. 558 U.S. at 237, 246-49. Here, the relevant discretion is conferred by the INA itself, as will be discussed further: Section 1154(a)(1)(J) expressly places determinations concerning the credibility and weight of the evidence within USCIS's "sole discretion."

[4] Affum also makes much of *Patel* and its presumption of reviewability, but *Patel* instructs that the presumption of reviewability does not overcome clear statutory text. *See Patel*, 596 U.S. at 347.

the petition." *Id.* (emphasis added). And, importantly, Section 1154 expressly provides for what the investigation itself entails: It charges the Attorney General with "sole discretion" over "[t]he determination of what evidence is credible and the weight to be given that evidence." 8 U.S.C. § 1154(a)(1)(J). Taken together, the provision reserves sole discretion for the Attorney General over the process; only after the discretionary process is completed and eligibility found does any mandatory duty to approve the petition kick in.[5]

Affum argues that this conditional precedent has already been met. He highlights that, here, USCIS has already made preliminary findings by issuing prima facie determination letters confirming Affum's I-360 eligibility. All that is left for USCIS is to issue the final adjudication, he contends. But a favorable prima facie determination is not a final adjudication. It is merely acknowledgment that an initial screening has occurred; the USCIS must still complete its investigation of facts to determine whether Affum is entitled to a favorable determination. *See* 8 C.F.R. § 204.2(c)(6)(ii) ("[A] prima facie case is established only if the petitioner submits a completed Form I-360 . . . . A finding of prima facie eligibility *does not* relieve the petitioner of the burden of providing additional evidence in support of the petition and does not establish eligibility for the underlying petition." (emphasis added)); U.S. Citizenship & Imm. Servs., 3 Policy Manual pt. d, ch. 5(A)(1), https://www.uscis.gov/policy-manual/volume-3-part-d-chapter-

---

[5] This distinction is crucial, as it separates this matter from other cases that Affum relies upon. For example, Affum also relies on this Court's decision in *Saavedra Estrada v. Mayorkas*, 703 F. Supp.3d 560 (E.D. Pa. 2023). That case held that an unreasonable delay in adjudicating a I-601A provisional unlawful-presence waiver application was reviewable, when the relevant provision barred review of "a decision or action by the Attorney General regarding a waiver." 8 U.S.C. § 1182(a)(9)(B)(v). The plaintiffs' alleged "failure to act" therefore did not fall within Section 1252(a)(2)(B)(ii)'s reference to an affirmative "decision or action." This case is different. Here, the provision at issue expressly commits the *process*, not just a decision, for investigating or adjudicating the waiver application to the agency's discretion. *Cf. Serrano v. Quarantillo*, 2007 WL 1101434, at *3 (D.N.J. Apr. 9, 2007) ("[T]he evidence that USCIS is actively processing plaintiff's application makes clear that this is not a case where USCIS has refused to adjudicate or process an application. . . . [T]he pace of processing an adjustment application comprises a part of USCIS's 'action' . . . ." (quoting *Safadi v. Howard*, 466 F. Supp.2d 696, 700-01 (E.D. Va. 2006)).

5 ("[The prima facie case determination] is not a determination that the self-petitioner established eligibility or that the self-petitioner has met his or her burden of proof. [A] prima facie determination, whether favorable or adverse, is *not a final adjudication* of the self-petition." (emphasis added)). The Complaint therefore does not establish that USCIS has completed the investigation required by Section 1154(b), and the petition remains pending within the discretionary investigatory and adjudicatory process governed by Section 1154(b).

Sole discretion afforded to the Secretary over the process and investigation of Form I-360 applications necessarily encompass the pacing of that process, which several courts have similarly reasoned. *Cf. Singh v. Holder*, 2015 WL 1399055, at *8 (D.N.J. Mar. 25, 2015) (holding that reserving discretion to promulgate regulations and adjust immigration status, alongside the absence of a congressionally mandated deadline, "'necessarily includes' discretion over the pace of adjudication" (citations omitted)); *Beshir v. Holder*, 10 F. Supp.3d 165, 174 (D.D.C. 2014) ("Granting the Attorney General and the Secretary the discretion to promulgate regulations governing the process of adjudication necessarily includes a grant of discretion over the pace of adjudication."); *Labaneya v. U.S. Citizenship & Imm. Servs.*, 965 F. Supp.2d 823, 832 (E.D. Mich. 2013) (noting that the grant of discretion would be "illusory" if the discretion over process did not include discretion over the "pace of adjudication" because otherwise, "courts could drastically alter the regulations prescribed by dictating what pace of adjudication the regulations must permit"); *Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 492 (2015) (recognizing that congressional grants of discretion in the Title VII context over strategic decisions can include "the pace and duration of conciliation efforts" and explaining that judicial assessment of those choices would "impose extra procedural requirements"). It is therefore impracticable to say that the process is nonreviewable but that the pacing would be; the "exercise

of discretion" is "inextricably intertwined" with the "process." *Geda*, 126 F.4th at 844 (quoting *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 563 (3d Cir. 2018)); *accord Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024) (finding, in the context of Form I-485 adjustment-of-status applications, that "the discrete acts undertaken to render an adjustment decision and the timing of those acts are determined by the Attorney General in his discretion").

Moreover, the nature of the relief Affum has sought supports this interpretation. Affum has not identified a discrete, ministerial step that USCIS has refused to perform after completing the required investigation. He has asked the Court to impose a deadline for completing the statutory investigation as a whole. That investigation necessarily calls for credibility determinations and evidentiary weighing that Section 1154(a)(1)(J) expressly places within USCIS's "sole discretion." An order fixing the investigation's completion date would regulate the manner in which USCIS exercises that statutorily specified discretionary authority. *See Geda*, 126 F.4th 835, 843-44 (3d Cir. 2025) (holding that a statutory grant of discretion over an immigration determination encompasses "the entire process for reaching that decision," including its pace); *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 563 (3d Cir. 2018) (holding that procedural determinations "inextricably intertwined" with an unreviewable discretionary decision are likewise unreviewable).

In summary, Section 1154 makes any mandatory duty to approve an I-360 self-petition conditional on the completion of the required investigation and a determination that the statutory requirements have been satisfied. The statute, in turn, places the credibility and weight of the evidence considered in that investigation within USCIS's sole discretion. *See* 8 U.S.C. § 1154(a)(1)(J). The Court does not conclude that the pace of adjudication is unreviewable merely because timing is related to evidentiary review. The relevant point is narrower: Affum seeks an

order fixing the completion date for an investigation whose central evaluative judgments Congress expressly committed to agency discretion. His claim therefore challenges the exercise of an ongoing discretionary adjudicatory process, rather than the agency's refusal to perform a discrete ministerial duty after completing that process. Section 1252(a)(2)(B)(ii) consequently precludes judicial review, and the Complaint must be dismissed for lack of subject-matter jurisdiction.

## IV. CONCLUSION

Section 1252(a)(2)(B)(ii)'s jurisdictional bar applies to the discretionary investigatory process governed by Section 1154(b). This bar applies only to the narrower group of decisions or actions that Congress itself placed within the agency's discretion, which it did so here in reserving "sole discretion" to the Attorney General over the investigatory process of Form I-360 self-petitions. *See Geda*, 126 F.4th at 842. The jurisdictional bar at issue also expressly applies to any mandamus claims. *See* 8 U.S.C. § 1252(a)(2)(B) (withdrawing jurisdiction "[n]otwithstanding any other provision of law . . . including . . . sections 1361 . . . of [title 28]"). Thus, this Court "need not reach whether [plaintiff] stated a claim that satisfies the requirements of [the APA and Mandamus Act]," and instead "hold[s] as a threshold matter that the INA precludes § 1331 federal question jurisdiction here." *See id.* Accordingly, Affum's Complaint shall be dismissed for lack of jurisdiction.

An appropriate order follows.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**